## Asa D. Harper et al.
### v.
## The Town of Dodds.

1. Highway—Dedication—Not inferred from use.—In this State, no inference or conclusion will be drawn against the owner of unenclosed land. which is traveled, to establish an easement in the public. The voluntary use of a way by the public, with the assent of the owner, is not of itself sufficient to make it a public highway; but such use and assent, in connection with proof of actual recognition and repair by the public authorities, may warrant a jury in finding that the way is a public highway.

2. Highway by prescription.—The mere fact that people may have traveled over the way in question, and that it may have been denominated a public highway, does not make it such, even though such travel may have been permitted without objection for more than twenty years. So, where the way in question was but a short piece of road, having no connection with prominent points, was used only by a neighborhood, and had never in any way been regarded by the public authorities as a public highway, it cannot be considered as a public highway in the legal sense of the term.

Appeal from the Circuit Court of Jefferson county; the Hon. Monroe C. Crawford, Judge, presiding.

Messrs. Casey & Laird, for appellants; contending that the description of the road as set forth in the complaint must be proved, cited Martin v. The People, 23 Ill. 395.

The existence of the road at the point named must be proved: Houston et al. v. The People, 63 Ill. 185; Town of Lewiston v. Proctor, 27 Ill. 414.

No inference exists against the owner of unenclosed land to establish an easement in favor of the public: Warren v. The President, etc., 15 Ill. 236; Kyle v. Town of Logan, Sup. Ct. Ill. 1878.

Occupation, without an acceptance by the public, will not create an easement: State v. McDaniel, 8 Jones, 284.

Voluntary use by the public with the assent of the owner of the soil, is not of itself sufficient to make a public highway: Alvord v. Ashley, 17 Ill. 363.

· There must be an acceptance by the public: Martin v. The People, 23 Ill. 395; Town of Lewiston v. Proctor, 27 Ill. 414; Green et al. v. Oakes, 17 Ill. 249; White v. Bradley, 66 Me. 254.

To establish a highway by prescription, the use must be open, adverse and under a claim of right: Gentleman v. Soule, 32 Ill. 271; State v. Joyce, 19 Wis. 92; Kilburn v. Adams, 7 Met. 33; Yute v. Bradbury, 40 Me. 159.

It is better, when there is doubt about the existence of a highway, to lay out the road anew and condemn the right of way, that vexatious litigation may be avoided: McIntyre v. Storey, 80 Ill. 127; Davis v. Rumsey, 5 Jones 240.

Messrs. POLLOCK & SON and GREEN & CARPENTER, for appellee; in favor of a prescriptive right in the highway, cited Town of Lewiston v. Proctor, 27 Ill. 414; Onstott v. Murray et al. 22 Iowa, 457; Worrall v. Rhoads, 2 Whar. 437; Hart v. Trustees of Bloomfield, 15 Ind. 226; State v. Hill, 10 Ind. 219.

The intention of a party to dedicate may be manifested by express consent or acquiescence in the use: Warren v. President, etc. 15 Ill. 236; Smith et al. v. Town of Flora et al. 64 Ill. 93; Marcy v. Taylor, 19 Ill. 634; State v. Hill, 10 Ind. 219; Cincinnati v. Lessee of White, 6 Pet. 431; Com'rs of Highways v. Glass, 19 Barb. 179; Chicago et al. v. Wright, 69 Ill. 318; Angell on Highways, § 137; 7 Met. 33.

A new trial will not be awarded where the evidence tends to sustain the verdict, or where it is conflicting, unless clearly

against the weight of evidence: Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Gilbert v. Bone, 79 Ill. 341; Varner v. Varner, 69 Ill. 445; Kightlinger v. Egan, 75. Ill. 141; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217.

ALLEN, J.   This was a suit instituted by appellee against appellants, before a justice of the peace, on a charge against appellants of having obstructed a "public highway." An appeal was taken to the Circuit Court, and upon a trial in that court appellants were found guilty. A motion for new trial was overruled, and judgment on the verdict for $300 and cost against each of the appellants, and the cause is brought to this court by appeal.

The controversy turns upon the question as to whether the road where the obstruction was placed, was a public highway within the meaning of that term—such a road as gave to the public an unconditioned right to use, independent of the will of the owner in fee of the land over which it passed. It is claimed by appellee that the public have such right by prescription or user, and this is denied by appellants. It is claimed by appellee that the place obstructed was on a line of travel by the public in going to and from the towns of Mt. Vernon, in Jefferson county, and Benton, in Franklin county; but the evidence shows that as a line of travel between these two points it has long since been abandoned, if ever so used. That at one time there was a mill in the vicinity of which this obstruction is charged to have been made, but that the mill was abandoned many years since, and for that purpose it ceased to be used, and that for several years it has only been used by neighbors in passing to a church or school-house, and a graveyard in the vicinity, and as an outlet to a public road leading east and west, near the church, and near the place where this obstruction was placed.

It is further shown by the evidence that about nine years since, on the petition of a number of citizens living along a line from Benton to Mt. Vernon, the county authorized the survey and location of a road leading from Mt. Vernon south, in the direction of Benton, over the very line of travel now claimed

as a public highway, and that said line was surveyed and the line established, and the road ordered to be opened; but that, upon a remonstrance of a still greater number of citizens along the line, the county authorities set aside the order and vacated the line, and neither in the petition to establish a road, nor in the petition for the vacation of the line, is any mention made of a public highway existing on this or any other portion of the route. The evidence shows that the short line claimed to be a public highway, has for a number of years been in bad condition, obstructed by brush, limbs and fallen timber, washes and ruts; so as to make it difficult, if not dangerous, to pass over with loaded wagons. The road has never been recognized by the public road authorities, or any of the road labor of the district performed on it; that the little work that was ever done on it to make it passable was done by individuals on their own account, and not for the public convenience. That this short line of travel was always through an open wood; that the ground to the margin of the line of travel had never been enclosed until fenced by the owner, which is the obstruction complained of. One witness testifies that he ordered the road worked at one time while supervisor, but there is no evidence that work was ever done on it; he says he was ordered to do so while supervisor, eight or nine years ago. It is probable that the order to work was the order to open the road by the county authorities, which was afterward revoked by them. The evidence shows that slight changes in the line of travel were made from time to time, as obstructions might render necessary. The evidence shows that travel is and has been for years obstructed by fencing, but for a short distance both north and south of this obstructed part. We think this evidence falls far short of showing that this was a public highway, in the sense in which that term is used in the statute.

It cannot be claimed that this is a dedication by the owner of the land to the public for a highway. "For no inference or conclusion will be drawn in this State against the owner of land lying unenclosed, which is traveled, to establish an easement in the public." Warren v. President and Trustee, 15 Ill. 236. The voluntary use of a way by the public, with the

Harper et al. v. Town of Dodds.

assent of the owner of the soil, is not of itself sufficient to make it a public highway, and impose upon the proper public authorities the duty of repair. But when these are connected with proof of its actual recognition and repair by the proper public authorities, the whole facts should go to the jury, from which they might be warranted in finding from such use by the public, acquiescence by the owner and recognition and repair by the proper public authorities, "that the way is a public highway in the full sense of that term." Alvord v. Ashley, 17 Ill. 369.

It is manifest that if this be a public highway it has become so by prescription or user. The mere fact that people may have traveled over it and that it may sometimes have been denominated a highway, do not make it such, though such travel may have been permitted without objection for over twenty years. What is there in this record, then, that contradicts the idea that this is a public highway? First, it is but a short piece of road, and only used by neighbors in going to mill when it led to a mill, which ceased to exist many years ago, and in going to a church that stands or that stood on a public highway, or to a graveyard in the vicinity of the church. It started from no town or village and public place, and led to none. Its existence as a public highway was not recognized in an attempt to establish a highway over the very ground upon which it is claimed to exist, either by those who petitioned for the establishment of the road or who asked for its vacation, or by the county authorities who had the survey made and the line located and who afterwards declared the line vacated, who are presumed to be cognizant of all the highways in their county.

But perhaps the strongest evidence that it was not in fact or in the opinion of the public a public highway, is to be found in the fact that it never was so regarded by the authorities of the neighborhood, who were especially charged with repairing and keeping in order the highways of the district; it cannot be said that as a highway it needed no repairs, for the evidence is conclusive upon that question, that for a great number of years it had never been in fit condition for the public to pass over, and that no work by the road authorities had ever been

done on either in opening it originally or in keeping it open by repairs as the same might be required for the public convenience. All these facts and circumstances contradict the theory that it was, either at the time it was obstructed by building a fence in it by defendants, or that it had been at any time previous a public highway in the legal sense of that term. We do not hesitate to say that the verdict of the jury was contrary to the evidence, and that the court erred in refusing plaintiffs in error a new trial. Feeling the fullest confidence that under the law and upon the evidence as it appears in this record, no recovery can rightfully be had against these appellants, we reverse the judgment of the circuit court and refuse to remand the cause.

Judgment reversed.

TANNER, P. J., not sitting.